CHAIM J. WOOLF, SBN 236957
WOOLF GAFNI & FOWLER LLP
10850 Wilshire Boulevard, Suite 510
Los Angeles, CA 90024
Tel: (310) 474-8776; Fax: (310) 919-3037
E-Mail: chaim.woolf@wgfllp.com

BARRY D. KAYE, SBN 177833
LAW OFFICES OF BARRY D. KAYE
11835 W. Olympic Blvd., Suite 925
Los Angeles, CA 90064
Tel: (310) 777-0344; Fax: (310) 359-0200
E-mail: barry@kayelawgroup.com

Attorneys for Defendants,
EYAL ALLEN DAHAN and CAVLIER CLOSEOUTS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THE NORTH FACE APPAREL CORP., and VF OUTDOOR, INC.

Plaintiff,

v.

EYAL ALLEN DAHAN, Individually and d/b/a CAVALIER, CAVALIER SPORTSWEAR, CAVALIER APPAREL, CAVALIER CLOSEOUTS, and LE CAVALIER JEANS & SPORTSWEAR; CAVALIER SPORTSWEAR, INC., a California corporation; CAVALIER CLOSEOUTS, INC., a California corporation, d/b/a CAVALIER, INC., CAVALIER SPORTS, INC., CAVALIER APPAREL, INC.; DOES 1 – 10, inclusive,

Defendants.

Case No.: **CV13 – 4821 MMM (MANx)**

[Assigned to the Hon. Judge Margaret M. Morrow]

**DEFENDANTS' EYAL ALLEN DAHAN and CAVALIER CLOSEOUTS, INC. ANSWER TO COMPLAINT**

ACTION FILED: July 3, 2013
TRIAL DATE: None Set

Defendants EYAL ALLEN DAHAN and CAVALIER CLOSEOUTS, INC. collectively **(“**Defendants”), for them alone, hereby answer Plaintiffs’ THE NORTH FACE APPAREL CORP., and VF OUTDOOR, INC. Complaint (“Complaint”) as follows:

GENERAL ALLEGATIONS

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiffs purport to state claims related to the use of trademarks. Defendants deny the remaining allegations of Paragraph 1, including that they has made any unlawful use of Plaintiffs’ alleged trademarks and similar marks.

**THE PARTIES**

2. Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, on that basis, deny said allegations.

3. Answering Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, on that basis, deny said allegations.

4. Defendants admit that Defendant Allen Dahan is a citizen of California and who has done business under fictitious business names in the past. Defendants deny the remaining allegations of Paragraph 4, including that they have made any unlawful use of Plaintiffs’ alleged trademarks and similar marks and that Allen Dahan is individually liable to Plaintiffs.

5. Defendants admit that Defendant Cavalier Sportswear, Inc. was a California Corporation. Defendants deny that Cavalier Sportswear is presently engaged in the manufacture and brand name apparel as it is a suspended corporation.

6. Answering Paragraph 6 of the Complaint, Defendants admit the allegations of the paragraph.

7. Defendants deny all of the allegations of Paragraph 7.

8. Defendants admit that Allen Dahan is the officer of Defendant Cavalier Closeouts, Inc., Defendants deny the remaining allegations of Paragraph 8, including that Allen Dahan has personally aided, abetted, and/or authorized the alleged tortious and infringing activities complained of by Plaintiffs.

9. Answering Paragraph 9 of the Complaint, Defendants admit the allegations of the paragraph.

10. Defendants deny all of the allegations of Paragraph 10.

11. Defendants deny all of the allegations of Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis, deny said allegations.

**JURISDICTION AND VENUE**

13. Defendants admit in this action Plaintiffs are attempting to assert claims under the Lanham Act and that this Court has federal question jurisdiction over such claims, but Defendants deny the substance of all alleged claims.

14. Defendants admit that this Court has personal jurisdiction over Defendants, but deny that Defendants have engaged in sale of counterfeit products.

15. Defendants deny all of the allegations of Paragraph 15.

16. Defendants admit that this Court is the appropriate venue, but deny the substance of all alleged claims.

**FACTUAL BACKGROUND**

17. Answering Paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis, deny said allegations.

18. Answering Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, on that basis, deny said allegations.

19. Answering Paragraph 19 of the Complaint, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis, deny said allegations.

20. Answering Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, on that basis, deny said allegations.

21. Answering Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, on that basis, deny said allegations.

22. Answering Paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, on that basis, deny said allegations.

23. Answering Paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, on that basis, deny said allegations.

24. Answering Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and, on that basis, deny said allegations.

25. Answering Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and, on that basis, deny said allegations.

26. Answering Paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, on that basis, deny said allegations.

27. Answering Paragraph 27 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, on that basis, deny said allegations.

28. Answering Paragraph 28 of the Complaint, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, on that basis, deny said allegations.

29. Defendants deny all of the allegations of Paragraph 29.

30. Defendants deny all of the allegations of Paragraph 30.

31. Defendants deny all of the allegations of Paragraph 31.

32. Defendants admit that they are aware of The North Face Brand, without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and, on that basis, deny said allegations.

33. Defendants deny all of the allegations of Paragraph 33.

34. Defendants deny all of the allegations of Paragraph 34.

35. Defendants deny all of the allegations of Paragraph 35.

36. Defendants deny all of the allegations of Paragraph 36.

37. Defendants deny all of the allegations of Paragraph 37.

38. Defendants deny all of the allegations of Paragraph 38.

39. Defendants deny all of the allegations of Paragraph 39.

40. Defendants deny all of the allegations of Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, on that basis, deny said allegations.

42. Defendants deny all of the allegations of Paragraph 42.

43. Defendants deny all of the allegations of Paragraph 43.

44. Defendants deny all of the allegations of Paragraph 44.

45. Defendants deny all of the allegations of Paragraph 45.

46. Defendants deny all of the allegations of Paragraph 46.

47. Defendants deny all of the allegations of Paragraph 47.

48. Defendants deny all of the allegations of Paragraph 48.

49. Answering Paragraph 49 of the Complaint, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, on that basis, deny said allegations.

50. Defendants deny all of the allegations of Paragraph 50.

51. Defendants deny all of the allegations of Paragraph 51.

**FIRST CLAIM FOR RELIEF**

**(TRADEMARK COUNTERFEITING, 15 USC SECTIONS 1114 & 1116)**

52. Defendants incorporate its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

53. Defendants deny all of the allegations of Paragraph 53.

54. Defendants deny all of the allegations of Paragraph 54.

55. Defendants deny all of the allegations of Paragraph 55.

56. Defendants deny all of the allegations of Paragraph 56.

57. Defendants deny all of the allegations of Paragraph 57.

58. Defendants deny all of the allegations of Paragraph 58.

59. Defendants deny all of the allegations of Paragraph 59.

**SECOND CLAIM FOR RELIEF**

**(TRADEMARK INFRINGEMENT, 15 USC SECTIONS 1114)**

60. Defendants incorporate its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

61. Defendants deny all of the allegations of Paragraph 61.

62. Defendants deny all of the allegations of Paragraph 62.

63. Defendants deny all of the allegations of Paragraph 63.

64. Defendants deny all of the allegations of Paragraph 64.

65. Defendants deny all of the allegations of Paragraph 65.

66. Defendants deny all of the allegations of Paragraph 66.

**THIRD CLAIM FOR RELIEF**

**(FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING, 15 USC SECTION 1125(A))**

67. Defendants incorporate its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

68. Defendants deny all of the allegations of Paragraph 68.

69. Defendants deny all of the allegations of Paragraph 69.

70. Defendants deny all of the allegations of Paragraph 70.

71. Defendants deny all of the allegations of Paragraph 71.

**FOURTH CLAIM FOR RELIEF**

**(TRADEMARK DILUTION BY TARNISHMENT, 15 USC SECTION 1125(C))**

72. Defendants incorporate their responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

73. Answering Paragraph of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, on that basis, deny said allegations.

74. Answering Paragraph of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and, on that basis, deny said allegations.

75. Defendants deny all of the allegations of Paragraph 75.

76. Defendants deny all of the allegations of Paragraph 76.

77. Defendants deny all of the allegations of Paragraph 77.

78. Defendants deny all of the allegations of Paragraph 78.

**FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

79. By way of further Answer and as affirmative defenses, Defendants deny that they are liable to Plaintiffs on any of the claims alleged and deny that Plaintiffs are entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

(Failure to State a Claim)

80. The Complaint, and each purported count asserted against Defendants therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Justification)

81. The actions that allegedly give rise to liability herein, to the extent they occurred, were legally justified and cannot give rise to any liability on the part of Defendants.

**THIRD AFFIRMATIVE DEFENSE**

(Fair Use)

82. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

**FOURTH AFFIRMATIVE DEFENSE**

(First Sale Doctrine)

83. The claims made in the Complaint are barred, in whole or in part, by the First Sale Doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

(Functionality)

84. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks and use of marks at issue are functional.

**SIXTH AFFIRMATIVE DEFENSE**

(Innocent Infringement)

85. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

86. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

(Non-Infringement)

87. Defendants have not infringed any applicable trademarks under federal or state law.

**NINTH AFFIRMATIVE DEFENSE**

(No Damage)

88. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**TENTH AFFIRMATIVE DEFENSE**

(Adequacy of Remedy at Law)

89. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

(First Amendment)

90. The claims made in the Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

**TWELFTH AFFIRMATIVE DEFENSE**

(Duplicative Claims)

91. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against or others for any alleged single wrong.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Fraud)

92. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Third-Party Use)

93. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Actions of Others)

94. The claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

95. Plaintiffs are estopped from asserting the allegations contained in the Complaint, as well as the cause of action contained therein, by reason of the acts, omissions, and course of conduct of Plaintiffs, on which Defendants have reasonably relied. As a result of Plaintiffs' conduct and Defendants' reasonable reliance, any recovery by Plaintiffs would result in severe detriment and injustice to Defendants. By the acts, omissions, and course of conduct of Plaintiffs, therefore, Plaintiffs are equitably estopped to assert any claim for relief against Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

96. Some or all of Plaintiffs' claims may be barred by the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

97. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

///

///

///

**NINETEENTH AFFIRMATIVE DEFENSE**

(Laches)

98. Plaintiffs' claims are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any, despite their full awareness of Defendants' actions.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Establish Causation)

99. Plaintiffs' claims against Defendants are barred because Plaintiffs' damages, if any, were not caused by Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Absence of Irreparable Harm)

100. Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendants' actions.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Punitive Damages)

101. Defendants allege that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States

Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Right to Assert Future Defenses)

102. Defendants reserve the right to assert all defenses which may pertain to the Complaint at any time after the precise nature of such events, occurrences, acts, omissions, transactions, issues, or damages is ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs take nothing by reason of their Complaint;

B. That Defendants be awarded judgment in their favor on Plaintiffs' Complaint;

C. That Defendants be awarded costs of suit, including reasonable attorney fees; and

D. For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2013

WOOLF GAFNI & FOWLER LLP

By: /s/ Chaim Woolf
Chaim J. Woolf
Attorneys for Defendants,
EYAL ALLEN DAHAN and
CAVLIER CLOSEOUTS, INC.