UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE NORTH FACE APPAREL CORP., and VF OUTDOOR, INC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: CV 13-4821 MMM (MANx) |
| EYAL ALLEN DAHAN, Individually and d/b/a CAVALIER, CAVALIER SPORTSWEAR, CAVALIER APPAREL, CAVALIER CLOSEOUTS, and LE CAVALIER JEANS & SPORTSWEAR; CAVALIER SPORTSWEAR, INC., a California corporation; CAVALIER CLOSEOUTS, INC., a California corporation, d/b/a CAVALIER, INC., CAVALIER SPORTS, INC., and CAVALIER APPAREL, INC.; FACTORY CONNECTION, LLC, a Delaware company; YOUR CALL APPAREL & DISTRIBUTION COMPANY, LLC, a Wisconsin company; CHRISTOPHER J. DELAO, Individually; and DOES 3-10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF THE PARTIES |
| Defendants. | ) ) ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Order for Stipulated Protective Order ("Stipulation") filed on August 29, 2014, the terms of the protective order to which the parties have agreed

are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 4, 6(c), 7, 8, 8(c), 9, 11, 12, 13, and 25.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE MARGARET M. MORROW, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

### DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries,

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff working for or with outside counsel of record, the parties' in-house attorneys and paralegal support staff, other outside attorneys cooperating with counsel of record in this matter, and outside consultants engaged by or on behalf of counsel.

<u>GENERAL RULES</u>

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, or information that the producing party believes should otherwise be subject to this Protective Order may designate the same as "CONFIDENTIAL" if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to such party.

5.     In the event the producing party elects to produce tangible things or other materials for inspection, no marking need be made by the producing party in advance of the initial inspection.   For purposes of the initial inspection, all

materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Protective Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.   Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

(a)   portions of a deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; all portions of any deposition transcript will be treated as "CONFIDENTIAL" by the parties during the fourteen (14) day period following receipt of the deposition transcript; and a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

(b)   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

(c)   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL."

7.   All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Protective Order and must be handled, **absent further court order,** in the manner set forth below and must not be used for any purpose other

than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or order of the Court **or a subsequent court order dictates otherwise. Nothing in this Protective Order should be construed as authorizing a receiving party in this action a disobey a lawful directive from another court.**

8. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by the Court **and its personnel**, by independent experts, and by the additional individuals listed below, provided each such individual **listed in subparagraphs (a), (b), and (c)** below, has read this Protective Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Business executives of the parties who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial or other adjudication of this action; and

(c) Stenographic, administrative and clerical employees associated with the individuals identified **in subparagraphs (a) and (b)** above.

9. With respect to material designated "CONFIDENTIAL," any person may be shown the material if that person is indicated on the face of the document to be its originator, author or a recipient of a copy of the document.

10. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts may retain custody of copies such as are necessary for their participation in this litigation.

11. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents, which are designated as "CONFIDENTIAL," are filed with the

Court for any purpose, the party seeking to file such material must **file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

12.   At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.  **The burden of establishing that documents and/or materials have been properly designated as "CONFIDENTIAL" shall be upon the designating party at all times.**

13.   All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized or inadvertent disclosure must immediately bring all pertinent facts relating to the unauthorized or inadvertent disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized or inadvertent disclosure.  **This paragraph imposes no burden on the Court and its personnel to take any action with respect to Confidential**

**Information other than those dictated by normal Court practices and procedures.**

14. No party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

15. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

16. Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. Nothing in this Protective Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

18. This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of

1  this Protective Order must not be used by either party as a basis for discovery that
2  is otherwise improper under the Federal Rules of Civil Procedure.

3       19.    Nothing within this Protective Order will be construed to prevent
4  disclosure of Confidential Information if such disclosure is required by law or by
5  order of the Court.

6       20.    Upon final termination of this action, including any and all appeals,
7  counsel for each party must, upon request of the producing party, return all
8  Confidential Information to the party that produced the information, including any
9  copies, excerpts, and summaries of that information, or must destroy same at the
10 option of the receiving party, and must purge all such information from all
11 machine-readable media on which it resides.    Notwithstanding the foregoing,
12 counsel for each party may retain all pleadings, briefs, memoranda, motions, and
13 other documents filed with the Court that refer to or incorporate Confidential
14 Information, and will continue to be bound by this Order with respect to all such
15 retained information.    Further, attorney work product materials that contain
16 Confidential Information need not be destroyed, but, if they are not destroyed, the
17 person in possession of the attorney work product will continue to be bound by this
18 Order with respect to all such retained information.

19      21.    The restrictions and obligations set forth herein shall not apply to any
20 information that:  (a) the parties agree should not be designated as Confidential
21 Information; (b) the parties agree, or the Court rules, is already public knowledge;
22 (c) the parties agree, or the Court rules, has become public knowledge other than as
23 a result of disclosure by the receiving party, its employees, or its agents in
24 violation of this Order; or (d) has come or shall come into the receiving party's
25 legitimate knowledge independently of the production by the designating party.
26 Prior knowledge must be established by preproduction documentation.

27      22.    The restrictions and obligations herein shall not be deemed to prohibit
28 discussions of any Confidential Information with anyone if that person already has
29 or obtains legitimate possession thereof.

23.     Transmission by facsimile or electronic mail is acceptable for all notification purposes herein.

24.     This Protective Order may be modified by agreement of the parties, but any modification by agreement of the parties shall have no force or effect with respect to the Court or its personnel until the Court's approval of such modification is granted.

25.     The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.     The Court may modify this Protective Order *sua sponte* in the interest of justice.

27.     This Protective Order is subject to further Court orders based upon public policy and other considerations.

IT IS SO ORDERED this 5th day of September, 2014.

DATED: September 5, 2014

Margaret A. Nagle

Margaret A. Nagle
United States Magistrate Judge

- 10 -