JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., and VF OUTDOOR, INC.<br><br>    Plaintiffs,<br><br> v.<br><br>EYAL ALLEN DAHAN, Individually and d/b/a CAVALIER, CAVALIER SPORTSWEAR, CAVALIER APPAREL, CAVALIER CLOSEOUTS, and LE CAVALIER JEANS & SPORTSWEAR; CAVALIER SPORTSWEAR, INC., a California corporation; CAVALIER CLOSEOUTS, INC., a California corporation, d/b/a CAVALIER, INC., CAVALIER SPORTS, INC., and CAVALIER APPAREL, INC.; FACTORY CONNECTION, LLC, a Delaware company; YOUR CALL APPAREL & DISTRIBUTION COMPANY, LLC, a Wisconsin company; CHRISTOPHER J. DELAO, Individually; and DOES 3-10, inclusive,<br><br>    Defendants. | Case No: CV 13-4821 MMM (MANx)<br><br>**CONSENT JUDGMENT AND STIPULATED PERMANENT INJUNCTION** |

  Pursuant to the orders entered in this case and a comprehensive settlement agreement between Plaintiff The North Face Apparel Corp., and Plaintiff VF Outdoor, Inc. ("Plaintiffs") and Defendant Cavalier Closeouts, Inc., Defendant Cavalier Sportswear, Inc., and Eyal Allen Dahan, individually (collectively "Dahan Defendants"), all claims having been resolved or stipulated, and the parties having stipulated to the entry of the following CONSENT JUDGMENT AND STIPULATED PERMANENT INJUNCTION, the Court enters final judgment as follows.

  WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

02897851.1

1. Plaintiffs own all right title and interest in and to the trademarks evidenced by U.S. Registration No. 983,624; U.S. Registration No. 2,097,715; U.S. Registration No. 3,538,773; U.S. Registration No. 1,030,071; U.S. Registration No. 2,897,197; and U.S. Registration No. 3,294,604 (collectively "The North Face Registered Trademarks"). Plaintiffs and their affiliated companies ("Plaintiffs' Affiliates") also own other trademarks and brand names which are subject to protection under the Lanham Act, 15 U.S.C. § 1051 *et seq.*:

| | | |
|---|---|---|
| 20X | Horace Small | Majestic Athletic |
| 7 For All Mankind | JanSport | Napapijri |
| Chef Designs | Kipling | Nautica |
| Chic | Lee Jeans | Red Kap |
| Eagle Creek | Lucy | Reef |
| Eastpak | The Force | Rock & Republic |
| Ella Moss | Timberland | Rustlers |
| Vans | Wrangler | SmartWool |
| Splendid | | Bulwark Protective Apparel |

2. The Dahan Defendants have infringed The North Face Registered Trademarks through the importation, offer for sale and sale of approximately 20,000 fleece jackets bearing counterfeit versions of one or more of the six (6) The North Face Registered Trademarks, in violation of 15 U.S.C. §§ 1114 and 1116.

3. The Dahan Defendants have committed unfair competition in violation of 15 U.S.C. § 1125(a).

4. The Dahan Defendants have tarnished and diluted Plaintiffs' The North Face Registered Trademarks in violation of 15 U.S.C. § 1125(c).

5. The Dahan Defendants' importation and sale of counterfeit goods was knowing and willful.

6. The Dahan Defendants, although not authorized distributors for any of the other brands owned by Plaintiffs' Affiliates, have also previously sold other products bearing various of the other brands and trademarks owned by Plaintiffs Affiliates.

7. Judgment is hereby entered in favor of Plaintiffs against Cavalier Closeouts, Inc., Cavalier Sportswear, Inc., and Eyal Allen Dahan, individually, as to all claims, jointly and severally, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of one million dollars ($1,000,000) per each of six (6) counterfeit versions

of The North Face Registered Trademarks asserted in the Complaint. Plaintiffs are therefore awarded statutory damages of six million dollars ($6,000,000).

8. Pursuant to 15 U.S.C. §§ 1116(a) and 1125(c)(1), the Dahan Defendants, their agents, principals, directors, officers, shareholders, members, managers, employees, servants, representatives, parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, assigns, and anyone acting by, through or under the direct control thereof, and each of them, are permanently enjoined from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products, goods, merchandise or apparel, whether or not legitimate, genuine, unauthorized or counterfeit, bearing one or more of The North Face Registered Trademarks or any other mark, designation or design element substantially similar or confusing thereto, including but not limited to any of Plaintiffs' registered trademarks.

(b) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products, goods, merchandise or apparel, whether or not legitimate, genuine, unauthorized or counterfeit, bearing one or more of any of the registered trademarks of Plaintiffs' Affiliates as set forth in Paragraph 1 hereof.

(c) engaging in any other activity constituting unfair competition with Plaintiffs' or Plaintiffs' Affiliates, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiffs or Plaintiffs' Affiliates; and

(d) engaging in any other activity that will cause the distinctiveness of The North Face Registered Trademarks or any of the registered trademarks of Plaintiffs or Plaintiffs' Affiliates to be diluted, tarnished, or blurred.

9. The Dahan Defendants and any other person acting by, through or in concert with them in connection with the payment of settlement proceeds pursuant to the parties' agreement are enjoined and restrained from cancelling or reversing such payment, or instituting a stop payment order or chargeback with respect to any payments made by credit card or by check.

10. Without in any way limiting the scope of the injunction in Paragraph 8 hereof, the foregoing injunction shall also be applicable to Cavalier Closeouts, Inc., Cavalier Sportswear, Inc., Eyal Allen Dahan, individually, any other businesses,

entities, trusts, partnerships or companies owned, controlled, or operated by or on behalf of Eyal Allen Dahan in whole or in part, including any businesses, entities, trusts, partnerships or companies constructively or indirectly owned by Eyal Allen Dahan in accordance with the attribution provisions of 26 U.S.C. §§ 267, 318, and 1563.

11. Each of the previous orders and decisions entered by this Court in this case remain in full force and effect.

12. This CONSENT JUDGMENT AND STIPULATED PERMANENT INJUNCTION constitutes a Final Judgment pursuant to Federal Rule of Civil Procedure 58.

13. This Court has and retains jurisdiction over the parties and of the action for consideration and disposition of any contempt motion and citation for violation of any terms of this CONSENT JUDGMENT AND STIPULATED PERMANENT INJUNCTION.

SO ORDERED this the 10th day of July, 2015.

_____
The Honorable Margaret M. Morrow
United States District Judge

The undersigned parties hereby consent to the entry of the foregoing judgment, agree with its findings and to abide by its terms, and hereby waive any right of appeal therefrom.

| /s/ Stephen F. Shaw | /s/ Chaim Jacob Woolf |
|---|---|
| Stephen F. Shaw (admitted *pro hac vice*) | Chaim Jacob Woolf |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP | WOOLF GAFNI & CIRLIN LLP |
| 300 N. Greene Street, Suite 1900 | 15300 Ventura Blvd., Suite 214 |
| Greensboro, North Carolina 27401 | Sherman Oaks, California 91403 |
| Telephone: (336) 574-8052 | Tel: (310) 474-8776 |
| Facsimile: (336) 574-4521 | Facsimile: (310) 919-3037 |
| E-Mail: stshaw@wcsr.com | Email: chaim.woolf@wgclawyers.net |
| | |
| *Attorneys for The North Face Apparel Corp. and VF Outdoor, Inc.* | *Attorneys for Cavalier Closeouts, Inc., Cavalier Sportswear, Inc., and Eyal Allen Dahan* |